UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. CUTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV672 RLW |
| | ) | |
| ST. LOUIS COUNTY DEPT. OF HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will order the Marshal's Office to serve process on the St. Louis County Executive's Office.

### The Complaint

In his pro se complaint against the St. Louis County Health Department, plaintiff asserts generally a violation of his "privacy rights" under the 14th Amendment and 42 U.S.C. § 1983.

Plaintiff states that the Health Department had an unconstitutional custom or policy of allowing unauthorized access of their patients' medical records. Plaintiff states that the Health Department allowed access to his medical records by an unnamed female worker who then transferred an electronic copy of his medical records to her private email account. Plaintiff names St. Louis County Department of Health in their official capacity, and he seeks monetary relief in an amount of $2 million dollars.

### Discussion

The United States Supreme Court has recognized that "notions of substantive due process contained within the Fourteenth Amendment safeguard individuals from unwarranted governmental intrusions into their personal lives." *Whalen v. Roe,* 429 U.S. 589, 598 n. 23

(1977); *Cooksey v. Boyer,* 289 F.3d. 513, 515 (8th Cir.2002); *Eagle v. Morgan,* 88 F.3d. 620, 625 (8th Cir.1996). This "right to privacy" includes protection of an individual's interest in avoiding disclosure of personal matters. *Whalen,* 429 U.S. at 599–600. This protection, however, is not without limitations, for not every disclosure of personal information will implicate this "right to privacy," and extends the protection only to highly personal matters considered to be "fundamental" or "implicit within the concept of ordered liberty". *Cooksey,* at 515–16, citing *Paul v. Davis,* 424 U.S. 693, 713 (1976); *see also, Riley v. St. Louis County, Missouri, et. al.,* 153 F.3d. 627, 631 (8th Cir.1998).

In order to violate the constitutional right of privacy "the information disclosed must be either a shocking degradation or an egregious humiliation ... to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." *Cooksey,* at 516 quoting *Alexander v. Peffer,* 993 F.3d. 1348, 1350 (8th Cir.1993). A release of medical records appears to fall within such a privacy right. *See Alexander,* 993 F.3d at 1350.

The Court finds that plaintiff has alleged enough in his complaint to state a claim for a violation of his right to privacy under the 14th Amendment. As such, the Court will order process to be served.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on the complaint. Defendant shall be served with summons in accordance with Federal Rule of Civil Procedure 4(j)(2)(A). The Marshal's Office shall deliver a copy of the complaint and summons with the chief executive officer of St. Louis County.

Dated this 8th day of May, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE