# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN R. CUTTS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15CV672 RLW |
| ST. LOUIS COUNTY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant St. Louis County's Motion to Dismiss (ECF No. 22). Plaintiff filed a response in opposition. Defendant did not file a reply brief, and the time for doing so has expired. *See* E.D. Mo. L.R. 4.01. Upon review of the Amended Complaint, Defendant's Motion to Dismiss, and Plaintiff's response, the Court will grant Defendants' motion.

## Background

On June 23, 2015, Plaintiff filed an Amended Complaint alleging that Defendant St. Louis County violated his right to privacy under the Fourteenth Amendment to the United States Constitution, violated his civil rights under 42 U.S.C. § 1983, and violated Mo. Rev. Stat. § 191.227, pertaining to the release of medical records to a patient. Plaintiff generally alleges that Defendant gave an employee the authority to access Plaintiff's health records and disclose those records via electronic means to a personal email account without Plaintiff's authorization. He states that the employee was not a member of medical staff nor trained under the Health Insurance Portability and Accountability Act ("HIPAA"). According to Plaintiff, the Director of St. Louis County's Health Department, Faisal Khan, sent Plaintiff a letter indicating that a

county employee had emailed a document containing Plaintiff's name and social security number to a personal email account. Plaintiff further avers that the letter explained this action constituted a breach of federal law. Plaintiff seeks $2 Million in damages, claiming that the full effect of damages caused by the release of highly personal medical records without authorization will be "ongoing and immeasurable," causing fear of embarrassment and negative effects on his future health. Plaintiff asserts that this disclosure violated Privacy and Security Rules set forth by the Department of Health and Human Services, Federal and State Privacy Laws, Missouri statutes, and St. Louis County's Written Security of Personal Information Policy.

Defendant filed a motion to dismiss, arguing that Plaintiff has failed to state a claim against Defendant in that there is no private cause of action for an alleged HIPAA violation; the disclosure of a social security number to an employee's private email account does not violate Plaintiff's constitutional right to privacy; the constitutional protection of privacy extends only to highly personal matters; and Plaintiff has not stated a claim against Defendant because there is no vicarious liability under 42 U.S.C. § 1983.

## Legal Standards

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008)

(explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## **Discussion**

First, Defendant argues, and the Plaintiff acknowledges, that HIPAA does not create a private right of action. Indeed, "[t]here is no dispute that HIPAA does not create a private cause of action, either via § 1983 or through an implied right of action." *I.S. v. Washington Univ.*, No. 4:11CV235SNLJ, 2011 WL 2433585, at *1 (E.D. Mo. June 14, 2011) (citations omitted).

To the extent that Plaintiff claims that sending Plaintiff's social security number to the employee's private email account violated Plaintiff's constitutional right to privacy, Defendant argues that such act does not rise to the level of a constitutional violation. It is established that "notions of substantive due process contained within the Fourteenth Amendment safeguard individuals from unwarranted governmental intrusions into their personal lives." *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996) (citation omitted). This includes an individual's interest in avoiding disclosure of personal matters, characterized as the right to confidentiality. *Id.* (citation omitted). However, the "protection against public dissemination of information is limited and extends only to highly personal matters representing 'the most intimate aspects of human affairs.'" *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996) (quoting *Wade v. Goodwin*, 843 F.2d 1150, 1153 (8th Cir. 1988)). The Eighth Circuit Court of Appeals has "consistently held that to violate the constitutional right to privacy 'the information disclosed must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal

3

information.'" *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir. 2002) (quoting *Alexander v. Peffer*, 993 F.2d 1348, 1350 (8th Cir. 1993)).

Here, the Court finds that no constitutional violation occurred when the employee emailed the document containing Plaintiff's name and social security number to a personal email account. Indeed, the Eighth Circuit has found that the disclosure of one's social security number did not violate a constitutional right to privacy. *Spurlock v. Ashley Cnty.*, 281 Fed. App'x 628, 629 (8th Cir. 2008); *see also Potocnik v. Carlson*, 9 F. Supp. 3d 981, 1000 (D. Minn. 2014) (finding a police officer accessing plaintiff's Department of Vehicle Services information, which included plaintiff's social security number, did not constitute a "flagrant" breach of a promise of confidentiality required by the Eighth Circuit). Plaintiff's Amended Complaint merely asserts that an employee accessed Plaintiff's records and emailed an unspecified document containing his name and social security number to a personal email account. Nothing in his allegations rises to the level of a flagrant breach of a pledge of confidentiality sufficient to merit a constitutional violation. *See Potocnik*, 9 F. Supp. 3d at 1000 ("The information about [plaintiff] in the DVS data base is statutorily defined as private, but it cannot fairly be said to include the 'most private details' of her life."). Thus, the Court finds that Plaintiff is unable to state a claim for a violation of the Fourteenth Amendment right to privacy such that dismissal of that claim is warranted under Rule 12(b)(6).

Additionally, the Defendant correctly notes that with regard to Plaintiff's § 1983 claim, Defendant may not be held vicariously liable for the employee's action. "Generally, a government entity is not liable for its employee's actions under § 1983 . . . [b]ut a plaintiff can pursue a *Monell* claim under § 1983 by identifying a government entity's policy or custom that caused the plaintiff's injury." *Keefe v. City of Minneapolis*, 785 F.3d 1216, 1227 (8th Cir. 2015)

4

(citation omitted). Plaintiff has not identified a policy by Defendant St. Louis County that caused his alleged injury. To the contrary, Plaintiff has alleged one isolated incident that is contrary to the official privacy policy. The letter by Dr. Khan referenced in the Amended Complaint further demonstrates that the action of the employee was contrary to St. Louis County's policy. Therefore, the Court finds that Plaintiff is unable to state a claim for relief under 42 U.S.C. § 1983.

Finally, the Court notes that Plaintiff purports to raise a claim under Mo. Rev. Stat. § 191.227. That statute provides that upon written request from a patient, health care providers shall furnish a copy of the patient's health history and treatment. Mo. Rev. Stat. § 191.227.1. Plaintiff's Amended Complaint fails to allege facts demonstrating the applicability of this provision to Plaintiff's claims. The statute cited by Plaintiff pertains to a patient's right to have access to his or her medical records. *See Wear v. Walker*, 800 S.W.2d 99, 102 (Mo. Ct. App. 1990). Plaintiff does not claim that he requested, but was denied, access to his medical records by the Defendant. *Id.* at 103 (finding plaintiff stated a claim for violation of § 191.227 where plaintiff submitted a written request for a copy of the medical record, and defendant health care provider refused to comply). Instead, he seeks information on the identity and motivation of the "unnamed female employee" who emailed the document. Therefore, the Court finds that Plaintiff has failed to state a claim for relief under Mo. Rev. Stat. § 191.227, and the Court will dismiss Plaintiff's claim pursuant to Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss St. Louis County (ECF No. 22) is **GRANTED**.

Dated this 16th day of December, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**